

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| SHARON ELAINE HARLEY,<br>　　　　　Plaintiff,<br><br>vs.<br><br>ANDREW M. SAUL, *Commissioner of*<br>*the Social Security Administration*,<br>　　　　　Defendant. | §<br>§<br>§<br>§　　Civil Action No. 8:19-01547-MGL<br>§<br>§<br>§<br>§<br>§ |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND AFFIRMING THE DECISION OF DEFENDANT**

This is a Social Security appeal in which Plaintiff Sharon Elaine Harley (Harley) seeks judicial review of the final decision of Defendant Andrew M. Saul (Saul) denying her claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act (the Act). The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting the Court affirm Saul's decision. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The Court need not conduct a de

novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b).

The Magistrate Judge filed the Report on June 3, 2020, and Harley filed her Objection to the Report (Objection) on July 1, 2020. Saul, on July 14, 2020, filed a reply to Harley's Objection (Reply). The Court has reviewed the Objection, but holds it to be without merit. It will therefore enter judgment accordingly.

On September 10, 2015, Harley initially filed her application for DIB. She originally contended her disability commenced on November 8, 2010. She later amended her alleged onset date to be August 28, 2015. Saul denied Harley's application for DIB initially and upon reconsideration. Harley then requested a hearing before an Administrative Law Judge (ALJ), which the ALJ conducted on February 21, 2018.

On June 26, 2018, the ALJ issued a decision in which he found Harley not disabled under the Act. The Appeals Council denied Harley's request for review of the ALJ's decision. Harley, on May 29, 2019, filed an action for judicial review with the Court.

The Act has, by regulation, reduced the statutory definition of "disability" to a series of five sequential questions to determine if a person is disabled. 20 C.F.R. §§ 404.1520(a). The five steps are: (1) whether the claimant is currently engaging in substantial gainful activity; (2) whether the claimant has a medically determinable severe impairment(s); (3) whether such impairment(s) meets or equals an impairment as set forth in the Listings of Impairments found at 20 C.F.R. Part 404, Subpart P, Appendix I; (4) whether the impairment(s) prevents the claimant from returning to her past relevant work; and, if so, (5) whether the claimant is able to perform other work as it exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(I)-(v).

It is the plaintiff's duty both to produce evidence and prove she is disabled under the Act. *See Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). Nevertheless, the ALJ is to develop the record and when he "fails in his duty to fully inquire into the issues necessary for adequate development of the record, and such failure is prejudicial to the claimant, the case should be remanded." *Marsh v. Harris*, 632 F.2d 296, 300 (4th Cir. 1980).

It is also the task of the ALJ, not this Court, to make findings of fact and resolve conflicts in the evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). "It is not within the province of this [C]ourt to determine the weight of the evidence; nor is it [the Court's] function to substitute [its] judgment for that of [the defendant] if [the] decision is supported by substantial evidence." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). In other words, the Court "must sustain the ALJ's decision, even if [it] disagree[s] with it, provided the determination is supported by substantial evidence." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). Under the substantial evidence standard, the Court must view the entire record as a whole. *See Steurer v. Bowen*, 815 F.2d 1249, 1250 (8th Cir. 1987).

"[T]he substantial evidence standard presupposes a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Clarke v. Bowen*, 843 F.2d 271, 272–73 (8th Cir. 1988) (citations omitted) (internal quotation marks omitted) (alteration omitted). Put differently, if the ALJ's "dispositive factual findings are supported by substantial evidence, they must be affirmed, even in cases where contrary findings of an ALJ might also be so supported." *Kellough v. Heckler*, 785 F.2d 1147, 1149 (4th Cir. 1986).

Harley raises a single objection to the Report, arguing "[s]ubstantial evidence does not support the ALJ's rejection of the evidence regarding [Harley]'s multiple impairments." Objection at 2 (emphasis modified). Specifically, Haley posits "the ALJ's decision grossly overestimates [Harley]'s level of functioning and is quite selective in choosing those medical records to which significant weight was afforded." *Id.* at 3.

Saul contends the ALJ, after a review of Harley's medical records and the fact that the "state agency expert medical consultant who reviewed [Harley]'s file concluded that [Harley] could work at the light exertional level", used substantial evidence to support his decision. Reply at 2.

"[T]he ALJ must both identify evidence that supports his conclusion and 'build an accurate and logical bridge from [that] evidence to his conclusion.'" *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) (citing *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016)). "[T]here is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision[.]" *Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014) (quoting *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005)).

Here, the record supports the contention substantial evidence supports the ALJ's decision. As noted by the Magistrate Judge, "the relevant time period for [Harley]'s DIB claim is August 28, 2015, through December 31, 2015[,]" and the evidence during that timeframe is sparse. Report at 15. This short relevant timeframe notwithstanding, the ALJ reviewed and considered medical evidence outside of the relevant time period. *See* A.R. at 22 (Discussing Harley's visit to Dr. Shaun Nguyen in March 2015 and her visit to Dr. Jessica Coleman in June 2015). From these records, the ALJ determined "the claimant's statements concerning the intensity, persistence, and

limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record. . . .". *Id.*

In sum, the Court holds there is substantial evidence to support the ALJ's conclusion Harley was not disabled under the Act during the relevant time period and the ALJ's decision is free from reversible legal error.  Further, the determination is reasonable.  Accordingly, the Court will overrule Harley's Objection.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Harley's Objection, adopts the Report, and incorporates it herein.  Therefore, it is the judgment of the Court Saul's decision is **AFFIRMED**.

**IT IS SO ORDERED.**

Signed this 30th day of November 2020, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE
